T.C. Summary Opinion 2011-119

UNITED STATES TAX COURT

VICTOR AND FRANCISCA ANI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20312-09S.                    Filed October 11, 2011.

Victor and Francisca Ani, pro se.

<u>Jon D. Feldhammer</u>, for respondent.

HAINES, <u>Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioners' Federal income taxes for 2005 and 2006 (years at issue) of $1,869 and $15,325, respectively, and an accuracy-related penalty under section 6662(a) of $3,065 for 2006. The issues for decision after concessions[2] are whether petitioners may deduct losses from their rental real estate activity under the passive activity loss rules of section 469 for the years at issue and whether petitioners are liable for the accuracy-related penalty under section 6662(a) for 2006.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the attached exhibits, is incorporated herein by this reference. At the time petitioners filed their petition, they resided in California.

Petitioners timely filed their 2005 and 2006 individual Federal income tax returns. Petitioner Victor Ani (Mr. Ani) worked as a barber, and petitioner Francisca Ani worked full time as a nurse. Mr. Ani reported his barber shop income and expenses

---

[2]Respondent concedes that petitioner Victor Ani materially participated in the rental activities and thus may qualify for the $25,000 offset provided by sec. 469(i). Respondent also concedes that petitioners have elected to treat all of the rental properties as one activity under sec. 469(c)(7)(A) (flush language).

on Schedules C, Profit or Loss From Business.  He also received Forms W-2, Wage and Tax Statement, for 2005 and 2006 for barber services he provided to a nursing home in Clovis, California, and a juvenile hall in San Leandro, California.

Petitioners also owned five rental properties, which Mr. Ani managed.  He negotiated leases, dealt with tenants, collected rent, coordinated repairs, and paid bills associated with the properties.  Petitioners reported the rental property income and expenses on Schedules E, Supplemental Income and Loss, and deducted losses of $64,856 and $125,510 for 2005 and 2006, respectively, on the basis of their claim that Mr. Ani was a real estate professional pursuant to section 469(c)(7)(B).

To substantiate their claim that Mr. Ani was a real estate professional, petitioners submitted three documents.  Two of the documents, which covered the years at issue, were prepared by petitioners' accountant using information Mr. Ani provided.  The first document purports to be a sampling of activities that Mr. Ani performed in the management of the rental properties.  The second document sets out hours spent on barber activities versus real estate activities for 2005 and 2006.  According to the second document, Mr. Ani spent a total of 1,377 hours on barber activities and 956 hours on real estate activities in 2005 and a total of 1,380 hours on barber activities and 886 hours on real estate activities in 2006.  The third document, prepared by Mr.

Ani in anticipation of trial, purports to estimate the amount of time Mr. Ani spent on barber activities and real estate activities during the years at issue. The estimates inflate the hours spent on real estate activities and conflict with the information in the other two documents.

On May 27, 2009, respondent sent petitioners a notice of deficiency for 2005 and 2006 which disallowed the losses from petitioners' rental real estate under the passive activity loss rules of section 469. Petitioners filed a timely petition with this Court.

## Discussion

### I.   Passive Activity Rules

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Taxpayers are allowed deductions for certain business and investment expenses under sections 162 and 212. However, section 469 generally disallows the deduction of any passive activity loss. A passive activity loss is defined as the excess of the aggregate losses from all passive activities for that year over the aggregate income from all passive activities for the year. Sec. 469(d)(1). A passive activity is any trade or business in

which the taxpayer does not materially participate.
Sec. 469(c)(1).

Rental activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates. Sec. 469(c)(2). However, the rental activities of a taxpayer who is a real estate professional pursuant to section 469(c)(7)(B) are not treated as per se passive activities. Sec. 469(c)(7)(A)(i).

To qualify as a real estate professional, a taxpayer must satisfy both of the following requirements:

>       (i) more than one-half of the personal services
> performed in trades or businesses by the taxpayer
> during such taxable year are performed in real property
> trades or businesses in which the taxpayer materially
> participates, and
>
>       (ii) such taxpayer performs more than 750 hours of
> services during the taxable year in real property
> trades or businesses in which the taxpayer materially
> participates.

Sec. 469(c)(7)(B). For couples filing "a joint return, the requirements of the preceding sentence are satisfied if and only if either spouse separately satisfies such requirements." Id.

Section 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988), sets forth the requirements necessary to establish the taxpayer's hours of participation as follows:

> The extent of an individual's participation in an
> activity may be established by any reasonable means.
> Contemporaneous daily time reports, logs, or similar
> documents are not required if the extent of such
> participation may be established by other reasonable

> means. Reasonable means for purposes of this paragraph may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries.

Although "reasonable means" may be interpreted broadly, a postevent "ballpark guesstimate" will not suffice. Moss v. Commissioner, 135 T.C. 365, 369 (2010) (and cases cited threat).

Even if taxpayers fail to qualify as real estate professionals under section 469(c)(7) and must therefore treat losses from their rental properties as passive activity losses, they may still be eligible to deduct a portion of their losses pursuant to section 469(i)(1). Section 469(i) provides a limited exception to the general rule that passive activity losses are disallowed. A taxpayer who actively participates in a rental real estate activity may deduct a loss up to $25,000 per year related to the activity. The deduction is phased out as adjusted gross income, modified by section 469(i)(3)(E), exceeds $100,000, with a full phaseout occurring when modified adjusted gross income equals $150,000. Sec. 469(i)(3)(A).

Petitioners contend that Mr. Ani satisfies the section 469 requirements for being a real estate professional. We disagree. The three documents petitioners submitted in support of their contention that Mr. Ani is a real estate professional contain conflicting information. With respect to the estimates Mr. Ani prepared, petitioners failed to provide underlying documentary

evidence to substantiate the estimated hours. Additionally, the estimates inflate the number of hours spent on the real estate activities substantially over the hours shown on the other two documents that Mr. Ani's accountant prepared using information Mr. Ani provided. The estimates are simply postevent ballpark guesstimates to which we attach no weight.

With respect to the two documents Mr. Ani's accountant prepared, the first document was prepared as a sampling of the types of activities that could take place but was not complete enough to establish hours for each activity. The second document provided sufficient detail with respect to hours spent on the barber and real estate activities when coupled with Mr. Ani's testimony. According to the second document, Mr. Ani spent a total of 1,377 hours performing barber services and 956 hours managing petitioners' rental properties in 2005, and 1,380 hours performing barber services and 886 hours managing petitioners' rental properties in 2006. Thus, Mr. Ani spent more time in 2005 and 2006 working as a barber than he did managing petitioners' rental properties.

Accordingly, we find that Mr. Ani does not satisfy the first part of the definition of a real estate professional under section 469(c)(7)(B). That definition required Mr. Ani to perform more than one-half of his personal services in trades or businesses during the taxable years in real property trades or

businesses in which he materially participated.  He did not.  As a result, we find that Mr. Ani was not a real estate professional under section 469(c)(7) for 2005 or 2006.  Accordingly, we hold that petitioners' rental activities during those years were passive activities pursuant to section 469(c)(2).

Even though we have held that petitioners' rental activities were passive, we still must consider whether petitioners are eligible to deduct a portion of their real estate losses pursuant to section 469(i)(1) because of Mr. Ani's active participation in the management of the rental properties.  The active participation standard is met as long as the taxpayer participates in a significant and bona fide sense in making management decisions or arranging for others to provide services such as repairs.  See Moss v. Commissioner, supra at 371; Madler v. Commissioner, T.C. Memo. 1998-112.  It is clear from the record that petitioners wholly own the rental properties and that Mr. Ani has personally been very active in managing the rental properties.  Moreover, respondent concedes that Mr. Ani materially participated in real estate activities during the years at issue.  Accordingly, we hold that petitioners are entitled to deduct a portion of their real estate losses pursuant to section 469(i)(1).  However, petitioners' deduction may be limited by the phaseout calculation under section 469(i)(3)(A).

## II.  Accuracy-Related Penalty

Respondent determined that petitioners are liable for the accuracy-related penalty under section 6662(a) for 2006.  Section 6662(a) and (b)(2) imposes a 20-percent accuracy-related penalty upon any underpayment of tax resulting from a substantial understatement of income tax.  An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).

Respondent bears the burden of production with respect to petitioners' liability for the accuracy-related penalty determined in the notice of deficiency and must therefore produce evidence that it is appropriate to impose that penalty.  See sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Petitioners accurately reported their income on their 2006 Federal income tax return.  However, petitioners were unable to deduct losses claimed on Schedule E because of the passive activity loss rules of section 469.  Thus, respondent calculated that petitioners understated their tax liability by $13,524.[3] Petitioners had reported taxes of $199 on their 2006 return.  The amount of the understatement was substantial because it exceeded the greater of:  (1) 10 percent of the tax required to be shown

---

[3]This amount will have to be recalculated in the Rule 155 computation depending upon the outcome of the sec. 469(i)(3)(A) calculations.

on the return for the taxable year, or (2) $5,000. Consequently, respondent has satisfied his burden of production.

The accuracy-related penalty is not imposed, however, with respect to any portion of the underpayment of tax if the taxpayer can establish that he acted with reasonable cause and in good faith. Sec. 6664(c)(1). The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances indicating that a taxpayer acted with reasonable cause and in good faith include "an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id.

Petitioners did not address their liability for the accuracy-related penalty at trial or on brief, except for a single sentence in their answering brief stating that they are not liable for the accuracy-related penalty. Though they hired an accountant, petitioners maintained no contemporaneous books, logs, or records to substantiate the hours Mr. Ani purportedly spent managing the rental properties. Given the circumstances, we find that they did not act with reasonable cause and in good faith, and therefore we hold petitioners are liable for the accuracy-related penalty under section 6662(a) for 2006.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.